## Travalja v 135 W. 52nd St. Owner LLC

2024 NY Slip Op 34253(U)

December 3, 2024

Supreme Court, New York County

Docket Number: Index No. 153366/2017

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-----------------------------------------------------------------------------X

ALEXIS TRAVALJA,

                                        Plaintiff,

                          - v -

135 WEST 52ND STREET OWNER LLC,THE CHETRIT
GROUP LLC,NEW LINE STRUCTURES, INC.,CR
SAFETY AND CONSTRUCTION, CONSTRUCTION AND
REALTY SERVICES GROUP, INC.,SAFETY SQUAD,
INC.,

                                        Defendant.

-----------------------------------------------------------------------------X

135 WEST 52ND STREET OWNER LLC, THE CHETRIT
GROUP LLC, NEW LINE STRUCTURES, INC.

                                        Plaintiff,

                          -against-

CROWNE ARCHICTECTURAL SYSTEMS, INC.

                                        Defendant.
-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153366/2017 |
| **MOTION DATE** | 09/26/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595985/2017

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280

were read on this motion to/for                          JUDGMENT - SUMMARY                              .

        Third-Party Defendant Crowne Architectural Systems, Inc. ("Crowne") moves for

summary judgment dismissing the third-party action along with any crossclaims against it

pursuant to CPLR 3212.  Defendants/Third-Party Plaintiffs 135 West 52nd Street Owner, LLC

("135 West"), The Chetrit Group, LLC ("Chetrit"), and New Line Structures, Inc. ("New Line")

(collectively "Defendants") oppose the motion and cross-move for summary judgment on their

contractual and common law indemnification claims against Crowne.

[* 1]

Bruno Travalja ("Travalja") died on September 15, 2016 after falling from the 47th floor roof of the building located at 135 West 52nd Street. 135 West was the owner of the building and had retained New Line as construction manager for work on the building. New Line in turn retained Crowne, of which Travalja was the owner and principal. Chetrit was a real estate development firm affiliated with the building. Plaintiff Alexis Travalja ("Plaintiff") commenced this Labor Law action in April 2017, and in November 2017 Defendants initiated a third-party action against Crowne for contractual indemnification, common law indemnification, contribution, and breach of contract for alleged failure to procure insurance.

In a June 29, 2023 Decision and Order, this Court granted summary judgment on Plaintiff's Labor Law §§ 240(1) and 241(6) causes of action against 135 West and New Line, dismissed the Labor Law § 200 cause of action as against 135 West and Chetrit, and denied Defendants' motion for summary judgment seeking dismissal of the Labor Law § 200 cause of action as against New Line (NYSCEF Doc. No. 202). The Appellate Division, First Department modified this decision to the extent of granting Defendants' cross-motion for summary judgment on their contractual indemnification claim against Crowne, finding 135 West and Chetrit entitled to contractual indemnification and New Line conditionally entitled to the extent that its negligence did not cause Travalja's accident (*Travalja v 135 W. 52nd St. Owner LLC*, 2024 NY Slip Op 05780 [1st Dept 2024]; NYSCEF Doc. No. 281).

The Court denies as moot the branch of Crowne's motion seeking dismissal of the contractual indemnification claims and the corresponding branch of Defendants' cross-motion for summary judgment on the same as these claims were decided by the First Department's decision. 135 West and Chetrit are entitled to contractual indemnification from Crowne as they

can only be held vicariously liable, and New Line is conditionally entitled to contractual indemnification pending a determination of its negligence in relation to Travalja's death.

The remainder of Crowne's motion and Defendant's cross-motion is denied as untimely. CPLR 3212(a) provides that motions for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." This provision "requires a showing of good cause for the delay in making the motion – a satisfactory explanation for the untimeliness" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (*id.*).

Plaintiff filed the Note of Issue on October 25, 2022 (NYSCEF Doc. No. 104). Crowne moved to vacate so that additional discovery could be conducted in the third-party action (NYSCEF Doc. No. 107). In a May 1, 2023 Decision and Order the Court denied vacatur, granted the parties 60 days from the order to complete discovery in the third party action, and ordered that "dispositive motions are to be made within sixty (60) days thereafter" (NYSCEF Doc. No. 241). Subsequently, Crowne filed two additional discovery motions, both of which were resolved by stipulation of the parties without court involvement. Neither of the stipulations included an agreement to extend the deadline for dispositive motions (NYSCEF Doc. Nos. 214, 227), nor did the parties contact the Court to request an extension. Crowne filed this motion on September 25, 2024.

The Court finds that Crowne fails to demonstrate good cause for its delay in bringing this motion thirteen months after the deadline set by the Court in its May 1, 2023 Decision and Order. Despite having the opportunity to stipulate to an extension or to seek leave to extend the filing date, the parties failed to do. Jury selection is set to commence on January 21, 2025, and consideration of Crowne's untimely motion at this late date would disrupt the Court's trial

calendar and undermine the goal of orderliness and efficiency in state court practice (*Brill*, 2 NY3d at 650).

Accordingly, it is hereby:

ORDERED that the branches of the motion and cross-motion related to the third-party action's contractual indemnification claims are rendered moot by the decision of the Appellate Division, First Department; and it is further

ORDERED that the remaining relief sought in both the motion and cross-motion is denied.

This constitutes the Decision and Order of the Court.

| 12/3/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |